UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| BRANDON CALLIER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 3:22-cv-00123-FM |
| | ) |
| WIDE MERCHANT INVESTMENT, INC. | ) |
| a California corporation, and DAVID | ) |
| BOEM JOON KIM, | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANT DAVID BOEM JOON KIM'S FIRST AMENDED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, FAILURE TO STATE A CLAIM**

Specially appearing Defendant David Boem Joon Kim ("Kim") hereby files his First Amended Motion to Dismiss Plaintiff's First Amended Complaint under Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction. In the alternative, should the Court find that it may exercise personal jurisdiction over Kim, Kim moves to dismiss Plaintiff's First Amended Complaint under Federal Rules of Civil Procedure 12(b)(6) for failure to plausibly plead a claim for relief against Kim.

**I.    INTRODUCTION**

Plaintiff Brandon Callier ("Plaintiff") has sued Kim on the basis that he is personally liable for telemarketing calls made by a third party called Synergy Financial ("Synergy"), which Plaintiff alleges violated the Telephone Consumer Protection Act, and Texas Business and Commerce Code. Plaintiff alleges that Synergy made these calls on behalf of Defendant Wide Merchant Investment, Inc. ("WMI"), a company of which Kim is the CEO. Plaintiff cannot establish that this Court has personal jurisdiction over Kim in this case.

1

Plaintiff's allegations are not based upon Kim's residency in the State of Texas, or any acts Kim directed to the State of Texas. Moreover, Plaintiff does not allege that Kim actually made any of the calls that form the basis of Plaintiff's claims. Instead, Plaintiff theorizes that Kim is personally liable for the calls because, as an officer of WMI, Kim directly participated or authorized the calls allegedly made on behalf of WMI by Synergy. Plaintiff's theory of liability against Kim is based entirely upon sweeping, conclusory allegations, which are not entitled to be credited by the Court in determining whether Plaintiff has met his burden to establish personal jurisdiction. In addition, Plaintiff's conclusory allegations are directly contradicted by Kim's Affidavit, which establishes that neither he nor WMI contracted or authorized Synergy to make any calls on WMI's behalf, did not in any way participate in the calls, and had no knowledge of the calls Plaintiff is alleging that Synergy made in violation of the law.

Lastly, even assuming Plaintiff could meet his burden to establish this Court's personal jurisdiction over Kim, which he cannot, Plaintiff's First Amended Complaint still fails to plausibly plead through non-conclusory allegations that Kim is personally liability for Synergy's alleged calls to Plaintiff. Accordingly, the allegations of Plaintiff's First Amended Complaint are also insufficient to overcome dismissal under Federal Rules of Civil Procedure 12(b)(6).

For the reasons discussed below, this Court should grant Kim's motion, and dismiss Plaintiff's First Amended Complaint against Kim.

## II. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff alleges that he received unlawful telemarketing calls from Synergy for an unspecified twelve-month period."[1] According to Plaintiff's First Amended Complaint, Plaintiff engaged the individual from Synergy who called him, and eventually submitted some kind of

---

[1] First Amended Complaint, Dkt. 15 ("FAC"), ¶ 36.

application to Synergy.[2] Plaintiff vaguely alleges that after he submitted this application, Synergy provided him with "a contract agreement to sign . . . that contained the information of Wide Merchant Group," which Plaintiff postulates "reveled the true identity of the company responsible for the illegal robocalls."[3] Later, when Plaintiff asked the Synergy representative who the solicitation was on behalf of, the representative replied "Wide Merchant."[4]

Plaintiff does not allege that Kim made any calls to Plaintiff, or that he ever interacted with Kim. Rather, he claims that Kim is personally liable for Synergy's calls based on a series of conclusory allegations, including that Kim "formulated, directed, controlled, had the authority to control, or participated in the acts and practices of [WMI]," and "approved the telemarketing scripts, signed the contracts, paid commissions for the illegal behavior, and directed the illegal calls to be made for his financial benefit."[5]

Based upon these allegations, Plaintiff has alleged claims against Kim for violation of the Telephone Consumer Protection Act ("TCPA") and Texas Business and Commerce Code.[6]

## III. PROCEDURAL BACKGROUND

On April 8, 2022, Plaintiff filed his Complaint against Defendants alleging violations of the TCPA and Texas Business and Commerce Code.[7] On June 20, 2022, Defendants moved to dismiss for lack of jurisdiction or in the alternative, Plaintiff's failure to state a claim for relief.[8] On July 11, 2022, the last day Plaintiff could amend under the Federal Rules of Civil Procedure, Plaintiff filed his First Amended Complaint in an attempt to remedy the deficiencies noted in

---

[2] FAC, ¶ 31.
[3] *Id.*
[4] FAC, ¶ 38.
[5] FAC, ¶¶ 67-69.
[6] FAC, ¶¶ 89-114.
[7] *See* First Amended Complaint, Dkt. 1.
[8] *See* Motion to Dismiss, Dkt. 11.

Defendants' motion to dismiss.[9] Plaintiff added Synergy as a defendant and attempted to add information to demonstrate that Synergy and WMI have a symbiotic working relationship.[10] However, as demonstrated in the Kim Affidavit, attached hereto as Exhibit 1, any new allegation regarding a purported relationship between Synergy and WMI is inaccurate and does not provide this Court with jurisdiction over Kim or cure Plaintiff's deficient claims.

IV. **DISCUSSION**

    A. **Legal Standards Applicable to the Court's Exercise of Personal Jurisdiction**

Federal courts may exercise jurisdiction over a nonresident defendant so long as state law confers such jurisdiction, and its exercise comports with due process under the Constitution.[11] "The Texas long-arm statute has been interpreted to extend the limits of due process."[12] Due process permits the exercise of jurisdiction over a nonresident defendant where the defendant has purposefully established "minimum contracts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[13]

Under this standard, the minimum contacts of the nonresident defendant may establish either "general" or "specific" jurisdiction.[14] A Court has general personal jurisdiction over a nonresident defendant "when defendant's affiliations with the State are so continuous and systematic as to render [the defendant] essentially at home in the forum State."[15] Specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation."[16] The

---

[9] *See* FAC.
[10] *See, e.g.,* FAC, ¶¶ 26-28, 36-38.
[11] *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1270 (5th Cir. 1983).
[12] *Jones v. Petty-Ray Geophysical*, Geosource, Inc., 954 F.2d 1061, 1067-68 (5th Cir. 1992).
[13] *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).
[14] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quotation marks and citation omitted); *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014).
[15] *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).
[16] *Monkton*, 768 F.3d at 432-33.

Fifth Circuit has articulated the following "three step analysis for the specific jurisdiction inquiry":

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.[17]

Plaintiff bears the burden of establishing a *prima facie* case of personal jurisdiction.[18] "If [the plaintiff] can successfully establish the first two prongs, then the burden shifts to [the defendant] to show that exercising jurisdiction would be unfair or unreasonable."[19] "The prima-facie-case requirement does not require the court to credit conclusory allegations, even if uncontroverted."[20] Moreover, the nonconclusory factual allegations in the complaint are taken as true, except where they are contradicted by the defendant's affidavits.[21] If the defendant's affidavits directly contradict the plaintiff's jurisdictional allegations, the court "must determine whether the plaintiff[] ha[s] established a prima facie case of personal jurisdiction through nonconclusory allegations supported by admissible evidence."[22]

### B. **Plaintiff Cannot Establish This Court's Personal Jurisdiction Over Kim**

#### 1. **The Court Lacks General Personal Jurisdiction Over Kim Because He is a California Resident**

"For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]"[23] Here, Plaintiff admits in his First Amended Complaint that Kim is a resident of California, not Texas.[24] Moreover, the Kim Affidavit establishes that he is a resident

---

[17] *Id*. at 433.
[18] *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).
[19] *Monkton*, 768 F.3d at 433.
[20] *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).
[21] *Wyatt v. Kaplan*, 686 F.2d 276, 282 n.13 (5th Cir. 1982).
[22] *Sealed Appellant 1 v. Sealed Appellee 1*, 625 F. App'x 628, 631 (5th Cir. 2015).
[23] *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *see also Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 337 (5th Cir. 2020).
[24] FAC, ¶ 3.

of the County of Los Angeles, State of California, does not live in Texas, and does not lease or own any property in the State of Texas.[25] Kim's domicile is California, not Texas. Accordingly, Plaintiff cannot establish that this Court may exercise general personal jurisdiction over Kim.

### 2. The Court Lacks Specific Personal Jurisdiction Over Kim Because He Did Not Direct Any Acts Into the State of Texas

Plaintiff does not allege that Kim made any calls to Plaintiff, but claims that Kim is personally liable for Synergy's alleged calls.[26] Some courts have held that, under the TCPA, an corporate officer may be personally liable for calls "if he had direct, personal participation in or personally authorized the conduct found to have violated the statute and was not merely tangentially involved."[27] Importantly, "an individual's status as an officer, director, or majority shareholder of a corporation alone is insufficient to support the exercise of personal jurisdiction."[28]

Here, Plaintiff's allegations with respect to Kim's personal liability for the calls at issue are entirely conclusory.[29] Therefore, they are not entitled to be credited by the Court in determining whether it may exercise personal jurisdiction over Kim. Moreover, even if this Court were to credit Plaintiff's conclusory allegations, those allegations are contradicted by the Kim Affidavit, which establishes he: (1) has never personally called Plaintiff at his -4604 telephone number, or any other telephone number; (2) has never spoken with Plaintiff; (3) Kim has never authorized or directed anyone, including Synergy, to make any telemarketing calls on WMI's behalf; (4) has never personally directed or participated in the making of telemarketing calls to any individuals, including Plaintiff; and (4) had no knowledge of any sort of calls made by Synergy, including any

---

[25] Exhibit 1, Kim Aff., ¶ 2.
[26] FAC, ¶ 65-69.
[27] *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001).
[28] *Cunningham v. Upwell Health, LLC*, No. 419CV00894ALMCAN, 2020 WL 4723175, at *5 (E.D. Tex. July 21, 2020), *report and recommendation adopted*, No. 4:19-CV-894, 2020 WL 4698322 (E.D. Tex. Aug. 13, 2020) (quotations and brackets omitted).
[29] *See* FAC, ¶¶ 65-69.

6

calls allegedly made by Synergy on behalf of WMI.[30]

For these reasons, Plaintiff cannot establish that this Court has specific personal jurisdiction over Kim. Kim simply had nothing to do with the calls alleged by Plaintiff, so there is no basis upon which this Court may exercise personal jurisdiction over Kim.

### C. Standards for a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"[31] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet the requirements of Rule 8.[32] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face."[33] Allegations consisting of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," to overcome a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6).[34] "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, [the complaint] 'stops short of the line between possibility and plausibility of entitlement to relief.'"[35]

### D. Even Assuming the Court Could Exercise Personal Jurisdiction Over Kim, Plaintiff Has Failed Plausibly Plead a Claim for Relief Against Kim

For the same reasons as discussed above, Plaintiff's allegations of personal liability against Kim are insufficient to overcome a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6). This is because every single one of Plaintiff's allegations against Kim are conclusory and

---

[30] Ex. 1, Kim Aff., ¶¶ 8-14.
[31] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009).
[32] *Id*.
[33] *Iqbal*, 556 U.S. at 678 (quotation omitted).
[34] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).
[35] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

formulaic.[36] There is not one single factual allegation contained in the First Amended Complaint through which Plaintiff has plausibly pled that Kim is somehow personally responsible for calls made by Synergy, a third party. Courts routinely dismiss claims against individual corporate officers that are based on the sorts of conclusory allegations contained in Plaintiff's First Amended Complaint.[37] Accordingly, even assuming the Court could exercise personal jurisdiction over Kim, Plaintiff's claims against Kim are still subject to dismissal under Rule 12(b)(6).

> 1. **Even Assuming the Defendants Were Vicariously Liable for Synergy's Actions, Plaintiff Has Failed to Accurately Plead a TCPA Claim**

Even if this Court determines that WMI can be held vicariously liable for Synergy's actions, Plaintiff has failed to plead a cognizable TCPA claim against Defendants. The TCPA makes it unlawful for persons "to make any [unconsented] call using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service."[38] An automatic telephone dialing system ("ATDS") for purposes of the TCPA is defined as "equipment that has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."[39]

In *Camunas v. National Republican Senatorial Committee*, the court explained that bare allegations that defendant placed calls using automated dialing technology were insufficient to

---

[36] FAC, ¶¶ 67-69.
[37] *See e.g., Cunningham v. Upwell Health*, *supra* at n. 9 (collecting cases in which conclusory allegations of personal liability against corporate officers have been rejected by courts); *see also Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1202 (M.D. Tenn. 2017) (dismissing claims against corporate officer which were based solely on conclusory allegations).
[38] 47 U.S.C. § 227(b)(1)(A)(iii). Here, it is likely that Synergy made such calls with Plaintiff's consent. Plaintiff admits that he "applied and submitted a Docusign to Synergy." FAC, ¶ 31. It is likely that Plaintiff listed his personal phone number on the application, which would provide Defendants his consent for telephone calls and communications. *See Cherkaoui v. Santander Consumer USA, Inc.,* 32 F. Supp. 3d 811 (S.D. Tex. 2014) (The plaintiff putting his "telephone number on the credit application that he completed in connection with the retail installment sales contract executed in purchasing an automobile constituted his prior express consent to be contacted on that cell phone using an automated telephone dialing system.").
[39] 47 U.S.C. § 227(a)(1).

trigger the TCPA and instead the plaintiff must provide details about the contents of the calls, the absence of a relationship between the parties, and the random nature of the automation device used to make the calls before it can plausibly allege a TCPA violation.[40]

Similarly, in *Barnett v. Bank of America*, the court held that the plaintiff's TCPA claim failed because the plaintiff's allegations of the defendant's use of ATDS in placing the calls failed to negate that the number chosen for the calls were selected from a pre-existing list based on criteria from the dialer administrators rather than by random or sequential number generators.[41]

Thus, to survive a motion to dismiss for failure to state a claim, plaintiffs must plausibly allege the content of the messages and the random nature of the automation device used to make the calls as well as expressly affirm the absence of a pre-existing relationship with defendants.[42] Plaintiff's allegations, however, are remarkably devoid of these prerequisites. Plaintiff does not allege that Synergy's telephone system had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers. Similarly, Plaintiff does not allege that calls he received were from an artificial or prerecorded voice. Instead, Plaintiff alleges that he spoke to a specific representative, namely Aaron Cruz.[43] Thus, because there are no facts in the record that indicate that Synergy utilized an automatic telephone dialing system or an artificial or prerecorded voice to call Plaintiff, his TCPA claim fails and must be

---

[40] *Camunas v. Nat'l Republican Senatorial Comm.*, 541 F. Supp. 3d 595, 602-03 (E.D. Pa. 2021).
[41] *Barnett v. Bank of Am.*, N.A., 3:20-cv-272-RJC-DSC, 2021 U.S. Dist. LEXIS 101171, at *9 (W.D. N.C. May 28, 2021).
[42] *See, e.g., Camunas*, 541 F. Supp. 3d at 602-03 (explaining that bare allegations that defendant placed calls using automated dialing technology is insufficient to trigger the TCPA; plaintiff must provide some details of the contents of the calls, the absence of a relationship between the parties, and the random nature of the automation device used to make the calls before it can plausible allege a TCPA violation); *Barnett*, 2021 U.S. Dist. LEXIS 101171, at *9 (TCPA claim failed because the number chosen for the calls were selected from a pre-existing list created based on criteria from the dialer administrators rather than by random or sequential number generators).
[43] FAC, ¶ 33-38.

dismissed.[44]

### 2. Plaintiff Failed To Adequately Plead a Violation of Texas Business and Commercial Code Section 304.053.

Texas Business and Commerce Code section 305.053 ("Section 305.053") creates a right of action for "a person who receives a communication that violates [the TCPA] [or] a regulation adopted under that provision . . . against the person who originates the communication . . . ."[45] Therefore, the elements of a Section 305.053 claim "correspond to the necessary elements for a TCPA claim."[46] Where a plaintiff's underlying TCPA claims are not are cognizable, a plaintiff's Section 305.053 are not cognizable as well.[47]

Here, Plaintiff has failed to demonstrate critical elements of a TCPA claim, namely that Synergy's telephone system had the capacity to store or produce telephone numbers and call randomly or sequentially. Similarly, Plaintiff does not allege that calls he received were from an artificial or prerecorded voice. Thus, Plaintiff has failed to allege a violation of the TCPA as well as Section 305.053.

---

[44] *See Garcia v. Rauch-Milliken Int'l, Inc.*, No. 5-18-CV-01028-FB-RBF, 2020 WL 3579201, at *5 (W.D. Tex., Feb. 14, 2020), *report and recommendation adopted* (W.D. Tex., Mar. 4, 2020, No. CV SA-18-CA-1028-FB) 2020 WL 3579822 ("Because there is no evidence in the record suggesting that Rauch Milliken's telephone system had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers, summary judgment on Garcia's TCPA claim should be granted in Rauch-Milliken's favor.").
[45] Tex. Bus. & Com. Code § 305.053(a).
[46] *Callier v. GreenSky, Inc.*, No. EP-20-CV-00304-KC, 2021 WL 2688622, at *6 (W.D. Tex. May 10, 2021).
[47] *Cherkaoui v. Santander Consumer USA, Inc.*, 32 F.Supp.3d 811, 815 (S.D. Tex. 2014) ("As Santander did not violate the TCPA, Santander also did not violate related Texas state law claims arising under the Texas Business and Commercial Code § 305.053 ("Texas TCPA"). The Texas TCPA proscribes only that conduct which is also prohibited by the TCPA. If no violation of the TCPA exists, there is no violation of the Texas TCPA."); *Hunsinger v. Buyers*, No. 3:21-cv-1598-D, 2022 U.S. Dist. LEXIS 32319, at *18 (N.D. Tex. Feb. 24, 2022); *Cunningham v. Creative Edge Mktg*. LLC, No. 4:19-cv-00669-ALM-CAN, 2021 U.S. Dist. LEXIS 126863, at *11-12 (E.D. Tex. June 16, 2021) (explaining that if there is no violation under 47 C.F.R. section 227, then there can be no violation of Texas Business & Commerce Code section 305.053).

      **3.**      **Plaintiff Has Failed to Plead a Texas Business and Commerce Code Section 302.101 Claim.**

Texas Business and Commerce Code section 302.101 ("Section 302.101") states that a person "may not make a telephone solicitation" "from a location in [Texas]" or "to a purchaser located in [Texas]," (2) "unless the [person] holds a registration certificate for the business location from which the telephone solicitation is made."

Here, it is undisputed that Kim never called Plaintiff, a Texas resident. Thus, Kim did not solicit Plaintiff and his Section 302.101 claim must be dismissed.

**V.**      **CONCLUSION**

For the reasons set forth above, Kim respectfully requests that the Court grant his amended motion to dismiss.

DATED: July 25, 2022

                                              Respectfully submitted,

                                              AINSA HUTSON HESTER & CREWS LLP
                                              5809 Acacia Circle
                                              El Paso, Texas 79912
                                              Tel:   (915) 845-5300
                                              Fax:  (915) 845-7800
                                              By: /s/ *Chantel Crews*
                                                      Chantel Crews
                                                      State Bar No. 24007050
                                                      *ccrews@acaciapark.com*

                                             **AND**

                BUCHALTER
                A Professional Corporation
                *abetpera@buchalter.com*
                18400 Von Karman Ave., Ste. 800
                Irvine, California  92612-0514
                Tel:    (949) 224-6422
                Fax:   (949) 720-0182


        By:          /s/ *Artin Betpera*
                ARTIN BETPERA
             (*Pro Hac Vice* Application Pending)
         Attorneys for Defendants WIDE MERCHANT
            INVESTMENT, INC., and DAVID BOEM
                       JOON KIM


**CERTIFICATE OF SERVICE**

      This is to certify that on July 25, 2022, a true and correct copy of the following instrument was served upon all parties and/or counsel of record pursuant to the Federal Rules of Civil Procedure as reflected below:

Brandon Callier                                         *Via Electronic Mail*
6336 Franklin Trail Drive
El Paso, Texas 79912
E-mail:  Callier74@gmail.com
*Pro Se Plaintiff*


                                            By: /s/ *Chantel Crews*
                                                 Chantel Crews
                                          *Attorneys for Defendants*