UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| BRANDON CALLIER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 3:22-cv-00123-FM ) |
| WIDE MERCHANT INVESTMENT, INC. a California corporation, and DAVID BOEM JOON KIM, | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS WIDE MERCHANT INVESTMENT, INC. AND DAVID BOEM JOON KIM'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

## I. INTRODUCTION

Plaintiff's request to amend his complaint for a second time should be denied. The amendments that Plaintiff seeks to make to his complaint, by and large, are based upon alleged facts that occurred in either March or July 2022, and would have therefore been known to Plaintiff at the time he either filed his original complaint on April 8, 2022, or his First Amended Complaint ("FAC") on July 11, 2022. Plaintiff offers no explanation as to why he could not, or did not include these new allegations in prior iterations of his complaint.

Moreover, nearly all of the alleged facts that Plaintiff seeks to incorporate into his SAC have already been presented by Plaintiff in his opposition to Wide Merchant Investment, Inc. ("WMI") and David Boem Joon Kim's ("Kim") motion to dismiss for lack of personal jurisdiction. Those motions are fully briefed, and ripe for decision by the Court. As such, Plaintiff's request to amend his complaint to add factual allegations and exhibits that are already before the Court will result in redundancy, and serves little purpose at this point of the litigation. Indeed, the only purpose Plaintiff's amendment would serve under these circumstances is to unduly prejudice WMI

and Kim by mooting their fully briefed motions to dismiss, increasing their costs of litigation, and causing litigation delay.

For these reasons, and as discussed below, Plaintiff's motion for leave to amend should be denied.

## II.     RELEVANT PROCEDURAL BACKGROUND

Plaintiff filed his original complaint on April 8, 2022.[1] Plaintiff alleges in his complaint that he received unlawful telephone solicitations from defendant Synergy Financial, Inc. ("Synergy), and theorizes that WMI and Kim are vicariously liable for Synergy's alleged calls.[2]

On June 20, 2022 WMI and Kim filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, challenging the sufficiency of Plaintiff's jurisdictional and agency allegations.[3] On July 11, 2022, Plaintiff filed a First Amended Complaint ("FAC"),[4] thereby mooting WMI and Kim's motions.

On July 25, 2022, WMI and Kim filed a motion to dismiss Plaintiff's FAC for lack of personal jurisdiction.[5] Plaintiff filed his response to WMI's motion on August 23, 2022.[6] Plaintiff did not oppose Kim's motion. WMI filed a reply brief in support of its motion to dismiss on August 26, 2022.[7] Those motions are now fully briefed, and ripe for adjudication.

On September 1, 2022, Plaintiff filed the instant motion. In sum, Plaintiff seeks to incorporate the factual allegations and exhibits he presented in his opposition to WMI's motion to dismiss into his proposed Second Amended Complaint ("SAC").[8] Those allegations and exhibits

---

[1] Complaint ("Compl."), Dkt. 1
[2] *See id.*, generally.
[3] Motions to Dismiss, Dkt. 10-11.
[4] FAC, Dkt. 15.
[5] Motions to Dismiss, Dkt. 19-20.
[6] Response to Motion to Dismiss, Dkt. 23.
[7] Reply in Support of Motion to Dismiss, Dkt. 26.
[8] Motion for Leave, Dkt. 27, p. 1; Proposed Second Amended Complaint, Dkt. 27-3, ¶¶ 35-72, Exhibits A-G; Plaintiff's Response to Motion to Dismiss, Dkt. 23, pp. 2-5, Exhibits A-J.

primarily concern events that occurred between March 2022 and June 2022, before Plaintiff filed his operative FAC.

In addition, Plaintiff seeks to add allegations concerning some interactions he had solely with co-defendant Synergy in the month of August 2022.[9] Notably, Plaintiff does not tie any of his alleged interactions with Synergy in August 2022 to WMI, and as addressed below, the e-mail exhibits Plaintiff attaches to his complaint actually undermine Plaintiff's theory that Synergy was acting as WMI's agent in making alleged solicitation calls to Plaintiff.

### III. DISCUSSION

#### A. Legal Standard

Under Fed. R. Civ. P. 15(a), the court has "broad discretion in granting leave to amend."[10] "While amendments should be liberally allowed, leave to amend is by no means automatic. Reasons which would justify denial of a motion to amend include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[11]

#### B. Plaintiff Unduly Delayed in Seeking Leave to Amend

Plaintiff argues that his proposed amendment is appropriate because it "adds relevant facts that were unavailable at the time Plaintiff's First Amended Complaint was filed."[12] However, Plaintiff does not identify what those facts are, or why they were "unavailable" at the time Plaintiff filed his first amended complaint on July 11, 2022.

---

[9] SAC, ¶¶ 73-77.
[10] *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 386 (5th Cir. 2003).
[11] *Bustos v. Lennon*, No. SA-11-CV-00837-OLG, 2012 WL 12882928, at *1 (W.D. Tex. June 28, 2012), *aff'd*, 538 F. App'x 565 (5th Cir. 2013) (internal citations omitted); see also *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).
[12] Motion, Dkt. 27, p. 1.

It appears from Plaintiffs' proposed SAC that most of the alleged facts that Plaintiff seeks to add to his complaint involve calls and/or e-mails Plaintiff received between March and June of 2022.[13]  Those facts were obviously known to Plaintiff either at the time he filed his original complaint on April 8, 2022, or at the time he filed his FAC on July 11, 2022.  And yet, Plaintiff offers absolutely no explanation for why these facts were not pled in either iteration of his complaint.  Nor does Plaintiff explain why he waited until *after* WMI and Kim's motions to dismiss were fully briefed before seeking leave.

Plaintiff also includes additional factual allegations concerning calls he received from Synergy in August of 2022.[14]  While those calls occurred after Plaintiff filed his FAC, he does not explain how those calls serve his purpose of seeking leave, which Plaintiff explains is to "contradict Defendant's assertion that Texas does not have jurisdiction over the Defendants," and "bring to light the direct involvement of Defendant Kim in the solicitation process."[15]  To the contrary, the contents of the e-mails that Plaintiff received in August 2022 contradict his claims, and establish that Synergy was contacting Plaintiff to sell its own financial products and/or services, and not those of WMI.[16]  For example, the contents of an August 11, 2022 e-mail that Plaintiff was allegedly sent by Synergy makes no mention of WMI, and expressly solicits Plaintiff for "Synergy Financial's Business Loan Programs."  Therefore, if anything, the alleged facts concerning the calls and/or e-mails Plaintiff received in August 2022 show that Synergy was calling Plaintiff on its own behalf, to solicit Plaintiff's purchase of Synergy's own "Business Loan Programs."

---

[13] SAC, ¶¶ 34-71.
[14] SAC, ¶¶ 73-77.
[15] Motion for Leave, p. 1.
[16] SAC, Exhibits J, L.

Notably, "the awareness of facts and failure to include them in the complaint might give rise to the inference that the plaintiff was engaging in tactical maneuvers to force the court to consider various theories in seriatim."[17]  Here, Plaintiff waited until after WMI and Kim's Motions to Dismiss were *fully briefed* and ripe for adjudication before seeking leave to amend.  When considering Plaintiff's unexplained delay in seeking leave to amend, the Court may infer that his motion is a tactical maneuver intended to delay the adjudication of WMI and Kim's jurisdictional challenges, so that Plaintiff may increase their costs of litigation, and have a second bite at opposing WMI and Kim's motions to dismiss.

The Court should not accept Plaintiff's invitation.  Plaintiff's motion for leave should be denied, and the Court should proceed to rule upon WMI and Kim's ripe motions to dismiss.

        **C.**     **Plaintiff's Amendment Will Unduly Prejudice WMI and Kim**

The Court should also deny Plaintiff's motion because it will result in undue prejudice to WMI and Kim.  WMI and Kim have now had to file two separate motions to dismiss Plaintiff's complaint.  After WMI and Kim filed their original motions, Plaintiff filed his FAC, which mooted the motions.  Now, Plaintiff seeks to amend his complaint *yet again* after WMI and Kim's second motion to dismiss was fully briefed.  Granting leave would therefore require WMI and Kim to start at square-one of the responsive pleading process for the *third* time in a span of just a few months. And Plaintiff provides no justification for the imposition of this litigation delay, and increase in litigation costs for the sake of filing yet another amended complaint.

One Texas district court, under substantially similar circumstances, denied a plaintiff's request for leave, explaining:

> Defendants would . . . suffer undue prejudice by allowing the amendments. Defendants have already filed motions to dismiss SFE's First Amended Complaint and Second Amended Complaint. Allowing SFE to amend its complaint repeatedly

---

[17] *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. 1981).

would cost Defendants unnecessary litigation time and expense in briefing dispositive motion after dispositive motion after dispositive motion, particularly where SFE could have included its amendments in an earlier complaint[18].

For these same reasons, the Court should deny Plaintiff leave to amend here.

### D. Plaintiff's Amendments Concerning His Interactions With Synergy Between March and June 2022 Are Redundant of His Opposition to WMI's Motion to Dismiss, and Are Futile

Courts may deny leave to amend on the grounds of futility where "the theory presented in the amendment lacks legal foundation or because the theory has been adequately presented in a prior version of the complaint."[19] As discussed above, Plaintiff has already presented nearly all of the factual allegations and exhibits that he seeks to add to his complaint in his opposition to Kim and WMI's motion to dismiss Plaintiff's FAC. In this sense, the amendments that Plaintiff seeks to make to his complaint have been "adequately presented," in connection with Plaintiffs' operative FAC. And for all of the reasons discussed by WMI in its reply brief in support of its motion to dismiss, these facts are not sufficient to meet Plaintiff's burden of establishing an agency relationship between WMI and Synergy for jurisdictional purposes.[20]

As for the factual and allegations concerning the August 2022 phone calls and e-mails between Plaintiff and Synergy that do not appear to have been presented by Plaintiff in his opposition brief, those facts do not support Plaintiff's agency theory for the reasons discussed above. Plaintiff does not establish any connection between these calls and WMI beyond a smattering of conclusory allegations. And the e-mail exhibits from this time period attached to Plaintiff's proposed SAC undermine Plaintiff's agency theory by showing Synergy was calling on its own behalf, to market its own programs.

---

[18] *Super Future Equities, Inc. v. Wells Fargo Bank Minnesota, N.A.*, No. 3:06-CV-0271-B, 2007 WL 9717289, at *2 (N.D. Tex. Jan. 16, 2007).
[19] *Jamieson By & Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985).
[20] Reply Brief in Support of Motion to Dismiss, Dkt. 26.

For these reasons, Plaintiff's proposed amendment is futile, and should be denied on this basis.

## IV. **CONCLUSION**

Plaintiff unduly delayed in seeking leave to amend, his amendment would result in undue prejudice to WMI and Kim, and Plaintiff's proposed amendment is futile.  Each of the grounds warranting denial of leave to amend exist here.  Accordingly, the Court should deny Plaintiff's motion.

Respectfully submitted,

AINSA HUTSON HESTER & CREWS LLP
5809 Acacia Circle
El Paso, Texas 79912
Tel:    (915) 845-5300
Fax:    (915) 845-7800

**And**

BUCHALTER
A Professional Corporation
ARTIN BETPERA, Esq.
(*Direct Admission Approved, and Pending*
 *Administration of Oath by Local Court*)
*abetpera@buchalter.com*
18400 Von Karman Ave., Ste. 800
Irvine, California  92612-0514
Tel:    (949) 224-6422
Fax:    (949) 720-0182


By: /s/ *Chantel Crews*
         Chantel Crews
         State Bar No. 24007050
         *ccrews@acaciapark.com*

*Attorneys for Defendants* WIDE MERCHANT INVESTMENT, INC., and DAVID BOEM JOON KIM

## CERTIFICATE OF SERVICE

  This is to certify that on September 8, 2022, a true and correct copy of the following instrument was served upon all parties and/or counsel of record pursuant to the Federal Rules of Civil Procedure as reflected below:

Brandon Callier                 *Via Electronic Mail*
6336 Franklin Trail Drive
El Paso, Texas 79912
E-mail:  Callier74@gmail.com
*Pro Se Plaintiff*

                By: /s/ *Chantel Crews*
                  Chantel Crews
                 *Attorneys for Defendants* WIDE MERCHANT INVESTMENT, INC., and DAVID BOEM JOON KIM

BN 72672285v2