UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| BRANDON CALLIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:22-cv-00123-FM |
| | ) |
| WIDE MERCHANT INVESTMENT, INC. | ) |
| a California corporation, and DAVID | ) |
| BOEM JOON KIM, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT WIDE MERCHANT INVESTMENT, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, FAILURE TO STATE A CLAIM**

**I.     INTRODUCTION**

Plaintiff has failed to meet his burden to make a prima facie showing that this Court may exercise either general or specific personal jurisdiction over WMI. As discussed below, the fact that WMI has conducted business with other companies in the state of Texas is far from sufficient to establish that WMI is subject to general personal jurisdiction in the state. In addition, Plaintiff has utterly failed to support his allegations of vicarious liability with any admissible evidence that WMI controlled, or was authorized to control any of the alleged telemarketing activities of Synergy. Absent such evidence, Plaintiff cannot establish that Synergy was acting as WMI's agent, so Synergy's alleged contacts with the State of Texas cannot be imputed to WMI for jurisdictional purposes. Accordingly, the Court should grant WMI's motion to dismiss for lack of personal jurisdiction.

BN 74442965v2

## II.     DISCUSSION

### A.     Plaintiff Has Failed to Meet His Burden to Establish That WMI is Subject to General Personal Jurisdiction in Texas

Plaintiff argues in his Response that WMI is subject to general personal jurisdiction because WMI sent Plaintiff a proposed contract with a Texas choice of law provision, has filed suit against other businesses in the State of Texas, and has made generic allegations in a totally unrelated lawsuit that venue for that lawsuit was proper in the State of Texas[1]. None of these alleged facts come close to meeting the high bar of establishing that WMI is "essentially at home," in Texas.

To the contrary, the facts presented by Plaintiff are entirely consistent with the facts presented by WMI in its motion, which establish that this Court does not have personal jurisdiction over WMI. WMI is a California-based corporation that does business with multiple states, including Texas[2]. It does not have a physical presence in Texas[3]. While its contacts may "constitute doing business *with* Texas," they do not constitute "doing business *in* Texas," which is required to establish that WMI is subject to general jurisdiction in this state[4]. Indeed, even if WMI "conducted a great deal of business **with** Texas," it has conducted "none **in** Texas," so "general jurisdiction cannot be shown, even on a prima facie basis."[5]

Moreover, the boilerplate legal conclusions contained in a complaint filed by WMI in an unrelated matter, against an unrelated third party, do not in any way constitute an "admission" that

---

[1] Callier Response to Motion to Dismiss, Doc. 36, at 3-6 ("Response").
[2] *See* Motion to Dismiss, Doc. 31-1, Kim Aff., ¶¶ 3-4 ("Kim Aff.").
[3] *Id*.
[4] *Access Telecom, Inc. v. MCI Telecommunications Corp.*, 197 F.3d 694, 717 (5th Cir. 1999) (emphasis original).
[5] *Id*. at 718 (emphasis added); see also *Evergreen Media Holdings, LLC v. Safran Co.*, 68 F. Supp. 3d 664, 674 (S.D. Tex. 2014) ("An out-of-state defendant that merely does business with Texas businesses or customers will not be subject to general jurisdiction if it does not have a lasting physical presence in the state.")

BN 74442965v2

WMI is subject to general jurisdiction in the state of Texas. First, those allegations are conclusory in nature, and equivocal. According to Plaintiff's Response, WMI's allegations in this unrelated lawsuit state that "[v]enue is proper in this court because this is where the contract was signed, where Plaintiff resides, **and/or** where the events giving rise to Plaintiff's claims occurred."[6] This allegation simply states that venue is proper for one or more of those three reasons. It does not constitute some kind of binding admission that WMI is a resident of the State of Texas as Plaintiff appears to contend.

Importantly, these allegations are not admissible evidence, which Plaintiff has the burden of producing to establish a prima facie case of general personal jurisdiction[7]. While the Court may take judicial notice of a complaint filed by WMI against another business in Texas, in doing so it cannot accept the truth of any of the allegations made in that unrelated complaint[8]. Therefore, nothing in the unrelated complaint discussed by Plaintiff in his Response supports Plaintiff's position that WMI is "essentially at home," in Texas.

For these reasons, Plaintiff has failed to carry his burden to establish that this Court may exercise general personal jurisdiction over WMI.

    **B.**    **Plaintiff Has Failed to Meet His Burden to Establish That WMI is Subject to Specific Personal Jurisdiction in the State of Texas**

Plaintiff has failed to meaningfully address the detailed evidence submitted by WMI through the Kim Affidavit establishing that Synergy was not acting as WMI's agent when making any of the alleged telemarketing calls to Plaintiff. Instead, Plaintiff primarily responds to this

---

[6] Response, at 4-5 (emphasis added).
[7] *Sealed Appellant 1 v. Sealed Appellee 1*, 625 F. App'x 628, 631 (5th Cir. 2015).
[8] *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996) ("Judicially noticeable public records "should be considered only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents.")

evidence by levying baseless accusations that the statements made by Kim in this affidavit are false[9].

Plaintiff's position appears to be based upon the fact that WMI has proffered a copy of a contract between Synergy and WMI's affiliate BCS that authorizes Synergy to do two things: (1) promote BCS's products; and (2) refer merchants to BCS[10]. Based upon this contractual language, Plaintiff engages in rampant conjecture, including by asserting this language shows WMI "emphatically authorized Synergy to make solicitation phone calls pursuant to the contract between Blue Coast and Synergy."[11] He also claims that this language somehow demonstrates that everything Kim has said in his declaration is false, including that WMI never authorized Synergy to make any calls on its behalf, had no knowledge of any such calls, and did not exercise any control over Synergy's alleged calls is false[12]. Nothing could be further from the truth.

The contract between BCS and Synergy is entirely consistent with the Kim Affidavit, which establishes that neither WMI nor BCS authorized Synergy to make any telemarketing calls on their behalf, nor exercised any measure of control over Synergy's alleged telemarketing activities. For instance, the contract generally authorizes Synergy to "promote" BCS products, and refer merchants, but does mention telemarketing calls, let alone contain any authorization that would have permitted Synergy to make telemarketing calls on behalf of Synergy. Most importantly, *the contract does not in any way permit or allow BCS (or WMI) to control how Synergy would promote BCS's products, or refer merchants to BCS*. And Plaintiff completely fails to address this critical point in his Response.

---

[9] Response, at 8-10.
[10] See *id*.
[11] Response, at. 10.
[12] Response, at 9-10.

As discussed by WMI in its motion, Plaintiff must be able to demonstrate that WMI controlled the "activity that caused [Plaintiff's] injury."[13] In this case, that activity is the alleged telemarketing calls made by Synergy to Plaintiff. And within this context, Plaintiff must be able to show that WMI had "authority to assign the tasks and control the means and details of the process by which [Synergy] conducts its business."[14] Plaintiff has failed to do so in his Response.

Next, Plaintiff points to the fact that the contract prohibits Synergy from "refer[ing] the same merchant simultaneously to BCS and other companies that provide similar services," as somehow establishing that "each and every phone call placed by Synergy to Plaintiff was on behalf of Blue Coast and WMI."[15] This is nonsense. This provision does not in any way mention or concern telemarketing calls, and is simply a restriction on the type of compensable business referrals that Synergy was authorized to broker to BCS under the contract.

Next, Plaintiff appears to suggest that WMI somehow concealed the identity of Synergy[16]. This contention, aside from being totally irrelevant to the issue of vicarious liability, is bizarre considering that Plaintiff has been aware of Synergy since filing his original complaint[17], and has since named Synergy as a defendant in this case[18]. And regardless, WMI has never contended it was unaware of Synergy. WMI has truthfully and accurately reiterated throughout the course of this entire lawsuit that it does not have a contractual relationship with Synergy (that contractual relationship is instead between Synergy and BCS), and that in any event, it did not have any

---

[13] *See* Motion, Doc. 31, at 10 (citing to *Indian Harbor Ins. Co. v. Valley Forge Ins. Grp.*, 535 F.3d 259, 364 (5th Cir. 2008)).
[14] *Callier v. Sunpath Ltd.*, No. EP-20-CV-00106-FM, 2020 U.S. Dist. LEXIS 256792, at *8 (W.D. Tex. Aug. 10, 2020); see also *Horton v. SunPath, Ltd.*, No. 3:20-CV-1884-B-BH, 2021 WL 982344, at *4 (N.D. Tex. Feb. 16, 2021), report and recommendation adopted, No. 3:20-CV-1884-B-BH, 2021 WL 977065 (N.D. Tex. Mar. 15, 2021).
[15] Response, at 10.
[16] Response, at 11.
[17] *See e.g.* Complaint, Dkt. 1 at ¶¶ 25-27.
[18] *See* Second Amended Complaint, Doc. 30, ¶ 4.

knowledge of, did not participate in, and did not control any alleged telemarketing calls made by Synergy to Plaintiff.

Lastly, Plaintiff asserts that WMI "turned a blind and willful eye to Synergy's conduct."[19] Not only is that allegation false, it is unclear how this is relevant to Plaintiff's theory of vicarious liability, other than perhaps to the issue of ratification. However, to establish an agency relationship based upon ratification Plaintiff must show that: (1) WMI knew that Synergy was making unlawful telemarketing calls to Plaintiff; and (2) WMI accepted benefits that resulted from Synergy's alleged telemarketing calls to Plaintiff[20]. As set forth in WMI's motion, Plaintiff is unable to show either of these elements of ratification[21]. Indeed, WMI never obtained *any* benefit resulting from Synergy's alleged telemarketing calls to Plaintiff, and its affiliate BCS has since terminated its contractual relationship with Synergy[22].

### C.  The Court Should Deny Plaintiff's Request for Jurisdictional Discovery

The decision of whether to permit jurisdictional discovery is within the discretion of the Court. *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982). "When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Id*. For the reasons set forth above, the lack of personal jurisdiction is clear. Discovery would serve no purpose, other than to simply confirm that WMI had no knowledge of, or control over Synergy's alleged calls to Plaintiff. Accordingly, the Court should deny Plaintiff's request for jurisdictional discovery.

---

[19] Response, at 11.
[20] *Callier v. Sunpath*, supra at *9.
[21] Motion, Doc. 31, at 12-13.
[22] Kim Aff., ¶ 28.

### III. CONCLUSION

For the reasons set forth in WMI's motion, and in this reply brief, Plaintiff has failed to meet his burden to establish a prima facie case of personal jurisdiction over WMI. Accordingly, the Court should grant WMI's motion to dismiss.

DATED: January 6, 2023

        Respectfully submitted,

        AINSA HUTSON HESTER & CREWS LLP
        5809 Acacia Circle
        El Paso, Texas 79912
        Tel:   (915) 845-5300
        Fax:   (915) 845-7800

        **And**

        BUCHALTER
        A Professional Corporation
        ARTIN BETPERA, Esq.
        *abetpera@buchalter.com*
        18400 Von Karman Ave., Ste. 800
        Irvine, California  92612-0514
        Tel:   (949) 224-6422
        Fax:   (949) 720-0182

        By: /s/ *Chantel Crews*
            Chantel Crews
            State Bar No. 24007050
            *ccrews@acaciapark.com*
        *Attorneys for Defendants* WIDE MERCHANT INVESTMENT, INC., and DAVID BOEM JOON KIM

## **CERTIFICATE OF SERVICE**

  This is to certify that on January 6, 2023, a true and correct copy of the following instrument was served upon all parties and/or counsel of record pursuant to the Federal Rules of Civil Procedure as reflected below:

| | |
|---|---|
| Brandon Callier<br>6336 Franklin Trail Drive<br>El Paso, Texas 79912<br>E-mail:  Callier74@gmail.com<br>*Pro Se Plaintiff* | *Via Electronic Mail* |

By: /s/ *Chantel Crews*
   Chantel Crews
*Attorneys for Defendants* WIDE MERCHANT INVESTMENT, INC., and DAVID BOEM JOON KIM