UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| BRANDON CALLIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:22-cv-00123-FM |
| | ) |
| WIDE MERCHANT INVESTMENT, INC. | ) |
| a California corporation, and DAVID | ) |
| BOEM JOON KIM, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT DAVID BOEM JOON KIM'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, FAILURE TO STATE A CLAIM**

I. **INTRODUCTION**

Plaintiff has failed to present any admissible evidence to meet his burden to establish a prima facie case of this Court's personal jurisdiction over Kim. Instead, Plaintiff relies on the conclusory allegations of his complaint, and other conjecture that is based solely upon Kim's status as an officer of WMI, and the fact that Kim was copied on a Docusign transmission of a contract from WMI to Plaintiff. However, nothing presented in Plaintiff's Response suggests that Kim either directly participated into any calls made by Synergy to Plaintiff, or otherwise provides any basis upon which this Court may exercise personal jurisdiction over Kim. Accordingly, and as discussed below, the Court should grant Kim's motion to dismiss for lack of personal jurisdiction.

II. **DISCUSSION**

Although Plaintiff's Response is far from clear, it appears Plaintiff attempts to argue that this Court has specific personal jurisdiction over Kim because he directly participated in the calls

1

made by Synergy to Plaintiff in the State of Texas. However, Plaintiff has failed to present any admissible evidence to meet his burden of establishing a prima facie case of personal jurisdiction against Kim based upon Plaintiff's theory that Kim directly participated in the calls at issue.

Plaintiff argues that Kim is the "sole officer" of WMI and its affiliate Blue Coast Services, Inc. ("BCS"), so he must have "formulated, directed, controlled, had the authority to control, or participated in the acts and practices of," WMI and BCS[1]. This is nothing more than conjecture. In addition, and as set forth by Kim in his motion, "an individual's status as an officer, director, or majority shareholder of a corporation alone is insufficient to support the exercise of personal jurisdiction."[2] Simply put, the mere fact that Kim is an officer of WMI and its affiliated entity BCS does not serve as admissible evidence that Kim personally directed or participated in the alleged calls by Synergy.

Plaintiff also argues that Kim is somehow personally liable for calls made by Synergy, because Synergy continued to call Plaintiff after this lawsuit was filed, and Kim "d[id] nothing to stop the phone calls."[3] It is unclear how Kim could have done anything to "stop the phone calls," considering the uncontradicted statements made by Kim in his affidavit that he did not participate in the calls, or exercise any control over the calls allegedly made by Synergy[4]. Indeed, based upon these statements, there was nothing Kim *could have done* to stop the alleged calls from Synergy because neither he nor WMI had any right or ability to *control* Synergy[5]. Moreover, when WMI's affiliate BCS learned that Plaintiff alleged continued calls from Synergy after this lawsuit was

---

[1] Callier Response to Motion to Dismiss, Doc, 39, at. 2-4 ("Response")
[2] See Motion, Doc. 32 at 6-7 (citing to *Cunningham v. Upwell Health, LLC*, No. 419CV00894ALMCAN, 2020 WL 4723175, at *5 (E.D. Tex. July 21, 2020), report and recommendation adopted, No. 4:19-CV-894, 2020 WL 4698322 (E.D. Tex. Aug. 13, 2020) (quotations and brackets omitted).
[3] Response, at 4.
[4] Motion to Dismiss, Doc. 32-1, Kim Aff., ¶¶ 10, 21-27 ("Kim Aff.").
[5] Kim Aff., ¶ 10, 28.

filed, BCS did the one thing which was within its control, which was to terminate its contract with Synergy[6].

Next, Plaintiff argues because Kim was copied on a Docusign e-mail transmission of a proposed contract sent by WMI to Plaintiff, he somehow participated in the "call process with Plaintiff."[7] While this fact may reflect that Kim may have been aware that WMI sent Plaintiff a contract via e-mail, it does not demonstrate that Kim was in any way aware that Synergy had made any calls to Plaintiff, nor does it contradict Kim's unequivocal and sworn denial that he had no knowledge of Synergy's alleged calls. Moreover, Plaintiff's theory of personal jurisdiction is not based upon the fact that WMI e-mailed Plaintiff a proposed contract, nor is it based upon anything contained within that document. Plaintiff's theory is instead premised upon his allegation that Kim was a direct participant in the alleged calls made by Synergy to Plaintiff in the State of Texas. And there is nothing about the fact that Kim was copied on an e-mail to Plaintiff that provides any basis for the Court to conclude that Kim was a direct participant in the calls made by Synergy, or which would otherwise establish personal jurisdiction over Kim.

Lastly, Plaintiff states that Kim runs WMI and BCS as a "common enterprise." It is unclear how Plaintiff's assertion is relevant to any argument made by Kim in his motion. It certainly does nothing to demonstrate that Kim knew of, directed, or participated in any of the calls made by Synergy to Plaintiff. Nor does the fact that Kim is the CEO of both WMI and BCS (a fact that Kim discloses in his own affidavit[8]) contradict Kim's unequivocal denials of Plaintiff's allegations in his sworn affidavit.

---

[6] Kim Aff., ¶ 28.
[7] Response at 5.
[8] Kim Aff., ¶¶ 1, 6.

### III. CONCLUSION

For the reasons set forth in Kim's motion, and in this reply brief, Plaintiff has failed to meet his burden to establish a prima facie case of this Court's personal jurisdiction over Kim. Accordingly, the Court should grant Kim's motion to dismiss.

DATED: January 6, 2023

        Respectfully submitted,

        AINSA HUTSON HESTER & CREWS LLP
        5809 Acacia Circle
        El Paso, Texas 79912
        Tel:    (915) 845-5300
        Fax:   (915) 845-7800

        **And**

        BUCHALTER
        A Professional Corporation
        ARTIN BETPERA, Esq.
        *abetpera@buchalter.com*
        18400 Von Karman Ave., Ste. 800
        Irvine, California 92612-0514
        Tel:    (949) 224-6422
        Fax:   (949) 720-0182

        By: */s/ Chantel Crews*
            Chantel Crews
            State Bar No. 24007050
            *ccrews@acaciapark.com*
        *Attorneys for Defendants* WIDE MERCHANT
        INVESTMENT, INC., and DAVID BOEM
        JOON KIM

## **CERTIFICATE OF SERVICE**

This is to certify that on January 6, 2023, a true and correct copy of the following instrument was served upon all parties and/or counsel of record pursuant to the Federal Rules of Civil Procedure as reflected below:

Brandon Callier                                                              *Via Electronic Mail*
6336 Franklin Trail Drive
El Paso, Texas 79912
E-mail:  Callier74@gmail.com
*Pro Se Plaintiff*


                                                            By: /s/ *Chantel Crews*
                                                                    Chantel Crews
                                                            *Attorneys for Defendants* WIDE MERCHANT INVESTMENT, INC., and DAVID BOEM JOON KIM